Erica J. Sullivan (SBN: 306466)
Daniel R. Forde (SBN: 248461)
**HOFFMAN & FORDE, ATTORNEYS AT LAW**
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
Tel: (619) 546-7880
Fax: (619) 546-7881
esullivan@hoffmanforde.com
dforde@hoffmanforde.com

Attorneys for Plaintiff,
Barbara Hughes

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA HUGHES, an individual,<br><br>      Plaintiff,<br>v.<br><br>EQUIFAX INC.,<br><br>      Defendant. | Case No.: **'16CV1940 W   WVG**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.**<br><br>**[JURY TRIAL DEMANDED]** |

## INTRODUCTION

1. Plaintiff BARBARA HUGHES ("Plaintiff"), through her attorneys, files this Complaint and brings this action against Defendant EQUIFAX INC. ("Defendant" or "Equifax") with regard to Defendant's reporting of erroneous negative and derogatory reports to Plaintiff's credit report, as that term is defined by 15 U.S.C. § 1681a(g). Defendant's willful and negligent failure to properly investigate the dispute of Plaintiff concerning the inaccurate data

- 1 -
COMPLAINT

Defendant is reporting in Plaintiff's file, and Defendant's failure to correct such, which Defendant knew or should have known was erroneous, caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

6. Unless otherwise stated, all the conduct engaged in by Defendant occurred in California.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681i.

8. This action arises out of Defendant's violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.

9. Because Defendant conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

//

## PARTIES

11. Plaintiff is a natural person who resides in the County of Los Angeles, in the State of California.

12. Plaintiff is a "consumer," as defined by 15 U.S.C. § 1681a(c).

13. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f).

14. Defendant is a corporation incorporated in the State of Georgia.

## GENERAL FACTUAL ALLEGATIONS

15. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

16. At all times relevant to this matter, Defendant conducted business within the State of California.

## FACTUAL ALLEGATIONS RE: BANK OF AMERICA ACCOUNT NUMBER 2355XXXX

17. On or about April 2016, Plaintiff became aware that Equifax was reporting a continuing obligation owed to Bank of America ("B of A") on Plaintiff's credit report.

18. On Plaintiff's credit report, Equifax is reporting this obligation owed to B of A with a status of "120+ Days Past Due," despite the fact that the Plaintiff satisfied this account through a settlement and the account is currently closed. Additionally, the settlement agreement with B of A states the account should be reported as "paid *in full* for less than the full balance" (emphasis added), however, Equifax is only reporting a comment on the account stating, "Account paid for less than full balance."

19. Subsequently, Plaintiff disputed the trade line on Plaintiff's credit report with Equifax via written communications dated May 27, 2016.

COMPLAINT

20. Equifax failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681i, which requires credit agencies to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Equifax by Plaintiff. Equifax's conduct is also in violation of 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumer's credit reports.

21. As a result of Defendant's action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendant's inaccurate and derogatory information, without success.

## CAUSE OF ACTION

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681 ET SEQ.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant willfully, recklessly, and negligently violated provisions of the FCRA.

24. Defendant's violations include, but are not limited to, Defendant's violation of 15 U.S.C. § 1681i, by failing to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Defendant by Plaintiff.

25. Defendant's conduct also violates 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumers' credit reports.

26. As a result of each and every negligent violation of the FCRA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's and costs fees, pursuant to 15 U.S.C. § 1681o(a)(2).

27. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages, or damages of not less than $100.00 and not more than $1,000.00, and such amount as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C §1681n(a)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant:

28. For each incident of willful noncompliance:

    A. An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 per Plaintiff pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful non-compliance of the FCRA;

    B. An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of willful noncompliance of the FCRA;

    C. An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;

D. An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

E. Any and all other relief the Court deems just and proper.

Dated: August 2, 2016

Respectfully submitted,
**HOFFMAN & FORDE**

　*/s/ Erica J. Sullivan*
ERICA J. SULLIVAN
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
P:  (619) 546-7880
F:  (619) 546-7881
E: esullivan@hoffmanforde.com

Attorneys for Plaintiff,
Barbara Hughes

## **TRIAL BY JURY**

29. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 2, 2016

Respectfully submitted,
**HOFFMAN & FORDE**

*/s/ Erica J. Sullivan*
ERICA J. SULLIVAN
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
P: (619) 546-7880
F: (619) 546-7881
E: esullivan@hoffmanforde.com

Attorneys for Plaintiff,
Barbara Hughes

**COMPLAINT**